T.C. Memo. 2002-227


UNITED STATES TAX COURT


ROY ELIASON AND MARGARET ELIASON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12748-00L.          Filed September 10, 2002.


Roy Eliason and Margaret Eliason, pro sese.

<u>James A. Kutten</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


SWIFT, <u>Judge</u>:  This matter is before us on petitioners'
petition for review under section 6330(d)(1) of respondent's
Appeals Office determination to proceed with collection by way of
levy.

Unless otherwise indicated, all section references are to the Internal Revenue Code as applicable to the years in issue.

Hereinafter, references to petitioner in the singular are to petitioner Roy Eliason.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioners resided in O'Fallon, Missouri.

Petitioners' undisputed and unpaid Federal income tax liabilities including penalties and interest, as of October 1, 2001, total $1,902 for 1994 and $5,254 for 1995.

On May 22, 1999, respondent mailed to petitioners a notice of intent to levy and a notice of petitioners' right to a collection hearing with respondent's Appeals Office relating to petitioners' income tax liabilities for 1994 and 1995.

On June 14, 1999, respondent received from petitioners a request for a collection hearing with respondent's Appeals Office.

On May 20, 2000, in connection with the above request by petitioners for a collection hearing, petitioners submitted to respondent's Appeals Office a financial statement showing with respect to petitioners' monthly income and expenses a net income of $1,914. After adjustments were made by respondent's Appeals Office increasing the amount of petitioners' monthly expenses,

respondent's Appeals Office reduced petitioners' net income to $912, or $1,002 less than that reflected on petitioners' financial statement that was submitted to respondent. Petitioners' financial statement and respondent's Appeals Office adjustments reflected petitioners' total monthly income and expenses as follows:

|  | Monthly Amounts | |
|  | As Reflected by Petitioners | As Adjusted by Respondent |
|---|---|---|
| Income: | | |
| Salaries - Roy Eliason | $ 780 | $ 780 |
| Salaries - Margaret Eliason | 2,950 | 2,950 |
| Pension - Roy Eliason | 1,048 | 1,048 |
| Pension - Margaret Eliason | 180 | 180 |
| Total Income | $4,958 | $4,958 |
| | | |
| Expenses: | | |
| National Standard Expenses | $ 830 | $ 957 |
| Housing and Utilities | 1,365 | 1,365 |
| Transportation | 204 | 291 |
| Health Care | 110 | 110 |
| Taxes (Income and FICA) | 520 | 1,308 |
| Life Insurance | 15 | 15 |
| Total Expenses | $3,044 | $4,046 |
| | | |
| Net Income | $1,914 | $ 912 |

On May 31, 2000, in connection with petitioners' collection hearing, petitioner participated in a telephone conference with respondent's Appeals Office. During the telephone conference, based on the $912 difference between petitioners' monthly income and expenses as reflected in the above calculations, as adjusted by respondent, respondent's Appeals Office proposed that petitioners make monthly payments to respondent of $912.

In a letter of May 31, 2000, respondent's Appeals Office confirmed to petitioners the proposed payment plan of $912 per month and requested that petitioners respond before June 23, 2000, with any additional financial information that may differ from the information already provided.

Petitioners did not provide to respondent's Appeals Office any additional financial information, petitioners did not offer to respondent's Appeals Office any alternatives to collection other than an indefinite postponement for the due dates of the proposed installment payments, and petitioners did not accept the above proposed payment plan of $912 per month.

On November 28, 2000, respondent's Appeals Office issued to petitioners separate notices of determination sustaining respondent's proposed levy collection action.

During 2000, and before respondent's Appeals Office issued to petitioners the above notices of determination, petitioners received $10,000 in insurance proceeds relating to an automobile accident, and petitioners used the $10,000 as a downpayment on a new home.  Petitioners did not use any portion of the $10,000 to make a payment on their 1994 and 1995 Federal income tax liabilities.

Herein, petitioners assert that it was an abuse of discretion for respondent's representative:  (1) To propose that petitioners agree to a payment plan of $912 per month; (2) to

fail to take into consideration additional medical expenses (that were not disclosed to respondent's Appeals Office in connection with petitioners' collection hearing) and the possibility of a future reduction in petitioners' income; and (3) to proceed with collection by way of levy.

Based on the above stated reasons, in an amended petition, petitioners ask this Court for "a reduction in past due taxes."

OPINION

Under section 6330(d)(1), where a taxpayer's underlying tax liability is not at issue, we generally review a determination of respondent's Appeals Office concerning collection for an abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 609-610 (2000). Under that standard of review, we generally consider only matters that were raised by the taxpayer or otherwise brought to the attention of respondent's Appeals Office at or in connection with the Appeals Office hearing. Magana v. Commissioner, 118 T.C. 488, 493 (2002).

Based on the limited information available to respondent's Appeals Office, the payment plan of $912 per month proposed by respondent's Appeals Office to petitioners in connection with petitioners' collection hearing did not constitute an abuse of discretion. The proposed payment plan of $912 per month was based on a financial analysis performed by respondent's Appeals

Office of petitioners' monthly income and expenses using, among other things, the financial information provided by petitioners.

Moreover, based on the $10,000 in insurance proceeds that petitioners received in 2000 (before respondent's Appeals Office made its determination), petitioners had the ability to pay a significant portion of their outstanding income tax liabilities for 1994 and 1995 (a total of $7,156, including interest to October 1, 2001).

With regard to alleged financial hardship raised by petitioners for the first time in an amended petition (namely, additional medical expenses and the possibility of a future reduction in income), because petitioners did not raise such matter until the filing of their amended petition in January of 2001, it did not constitute an abuse of discretion for respondent's Appeals Office to fail to consider such matter in making the determination to proceed with collection.[1]  See Magana v. Commissioner, supra.

---

[1]     Generally, consideration by respondent of matters not presented to respondent's Appeals Office until after a collection hearing and after the issuance by respondent's Appeals Office of its notice of determination would be within respondent's discretion under sec. 6330(d)(2) and would not be reviewable by this Court.  Sec. 6330(b)(2), (d)(2); H. Conf. Rept. 105-599, at 266 (1998), 1998-3 C.B. 1020; sec. 301.6330-1(h)(1)(2), Q&A-H1 and H2, Proced. & Admin. Regs.

We hold that respondent's Appeals Office did not abuse its discretion, and respondent may proceed with the proposed collection by way of levy.

<u>Decision will be entered for</u> <u>respondent</u>.